**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

DANNY L. SLAVEN,                          )
                                          )
                    Petitioner,           )
                                          )
        vs.                               )           Case No. 1:13-cv-973-TWP-TAB
                                          )
WILLIAM WILSON,                           )
                                          )
                    Respondent.           )

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

**I.**

Petitioner Danny Slaven ("Slaven") shall have **through July 11, 2013**, in which to pay

the $5.00 filing fee or file a request to proceed *in forma pauperis*.

**II.**

This matter is before the Court on Mr. Slaven's Petition for Writ of Habeas Corpus.

ASubject-matter jurisdiction is the first question in every case, and if the court concludes that it

lacks jurisdiction it must proceed no further.@ *State of Illinois v. City of Chicago,* 137 F.3d 474,

478 (7th Cir. 1998). Mr. Slaven's petition for a writ of habeas corpus pursuant to 28 U.S.C. '

2254(a) fails this test and the action must therefore be dismissed. This conclusion rests on the

following facts and circumstances:

    1.      Mr. Slaven was convicted after trial by jury in an Indiana state court of delivering

cocaine within 1,000 feet of a school, maintaining a common nuisance and other drug offenses.

His convictions and sentence were affirmed on direct appeal in *Slaven v. State,* Case No. 18A02-

0112-CR-841 (Ind.Ct.App. Dec. 12, 2002), and his petition for transfer was denied on February

4, 2003. The trial court subsequently denied Mr. Slaven=s petition for post-conviction relief.

2.     Mr. Slaven then filed an action for relief pursuant to 28 U.S.C. ' 2254 in federal court. The ' 2254 action was filed in the Northern District of Indiana and docketed as Case No. 3:13-cv-02-JD. It was dismissed with prejudice as untimely on February 14, 2013.

3.     Mr. Slaven has now filed another petition for a writ of habeas corpus. Here, Mr. Slaven asserts the same claims that were presented in the first habeas action in Case No. 3:13-cv-02-JD.

4.     The disposition in Case No. 3:13-cv-02-JD was based on the determination that Mr. Slaven's petition was untimely filed. That disposition was Aon the merits@ for the purpose of triggering the requirements of 28 U.S.C. ' 2244(b). *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (citing cases).

5.     When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. ' 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, ' 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

6.     With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now

be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now

issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules

Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Mr. Slaven has

failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in

its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a

certificate of appealability.

**IT IS SO ORDERED.**

Date: _____
06/25/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Danny L. Slaven
No. 117844
Indiana State Prison
One Park Row
Michigan City, IN 46360