UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANNY L. SLAVEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-973-TWP-TAB |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion to Alter or Amend Judgment**

For the reasons explained in this Entry, the petitioner's motion to alter or amend judgment will be denied.

**I.**

Petitioner Danny Slaven sought a writ of habeas corpus with respect to his convictions imposed by an Indiana state court. His petition was denied on June 25, 2013, and judgment was entered on the clerk's docket that same day. Mr. Slaven's petition was dismissed for lack of jurisdiction because there was already a decision "on the merits" in Case No. 3:13-cv-02-JD for the purpose of triggering the requirements of 28 U.S.C. § 2244(b). Mr. Slaven filed a motion to alter or amend judgment on July 11, 2013, in which he argues that he has "provided sufficient evidence and meets the requirement of the 'Gateway Standard' outlined under *Schlup* [*v. Delo*, 513 U.S. 298 (1995)]."

**II.**

Based on the substance of the post-judgment motion, it is treated as labeled, that being a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining

that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

### III.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(a Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension").

Mr. Slaven has misunderstood the basic operation of § 2244(b). The "Gateway Standard" doctrine noted in *Schlup* does not offer a passage through or around § 2244(b) at the district court level. The operation and effect of § 2244(b) were explained in the Entry of June 25, 2013: "when there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. ' 2244(b)". *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). (See Dkt. 3 at 2).

### IV. Conclusion

Mr. Slaven has not shown a manifest error of law in the outcome. *Oto v. Metro. Life Ins.*

*Co.,* 224 F.3d 601, 606 (7th Cir. 2000)(manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent"). Accordingly, his motion to alter or amend judgment [Dkt. 6] is denied. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)(ΑAltering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.≅)(citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

**IT IS SO ORDERED.**

Date: 07/22/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Danny L. Slaven
No. 117844
Indiana State Prison
One Park Row
Michigan City, IN 46360