UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DANNY L. SLAVEN,                          )
                                          )
         Petitioner,                      )
                                          )
    vs.                                   )    Case No. 1:13-cv-973-TWP-TAB
                                          )
WILLIAM WILSON,                           )
                                          )
         Respondent.                      )

**Order Denying Motion to Alter or Amend Judgment**

For the reasons explained in this Entry, the petitioner's motion to amend judgment filed on July 19, 2013, will be denied.

**I.**

Petitioner Danny Slaven sought a writ of habeas corpus with respect to his convictions imposed by an Indiana state court. His petition was denied on June 25, 2013, and judgment was entered on the clerk's docket that same day. Slaven's petition was dismissed for lack of jurisdiction because there was already a decision "on the merits" in No. 3:13-cv-02-JD for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

**II.**

Based on the substance of the addressed in this Entry, it is treated as labeled, this being a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the

*substance* of the motion, not on the timing or label affixed to it). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

### III.

Slaven is concern with the court's statement that the habeas claims in this action were the same as brought in No. 3:13-cv-02-JD. It may in fact have been more accurate to state that the claims in this case either were presented in No. 3:13-cv-02-JD or could have been. However, this possible additional nugget of information does not warrant either additional findings or a different decision. Importantly, a subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. U.S.,* 259 F.3d 763 (7th Cir. 2001). There is no suggestion that Slaven was challenging a different conviction in No. 3:13-cv-02-JD than in the present case, and his habeas petition in this case, at pages 1 and 3 affirmatively shows otherwise. In each case, Slaven was challenging his conviction for drug offenses entered in the Delaware Superior Court II on October 25, 2001. Slaven's present petition therefore triggered the application of 28 U.S.C. § 2244(b) and the action was correctly dismissed for lack of jurisdiction. Indeed, the dismissal of No. 3:13-cv-02-JD as barred by the statute of limitations makes the precise claims asserted in that action and in this action far less significant that might ordinarily be the case.

### IV.

Slaven's motion to amend judgment [dkt. 7] is denied. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)(AAltering or amending a judgment under Rule 59(e) is

permissible when there is newly discovered evidence or there has been a manifest error of law or fact.@) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

**IT IS SO ORDERED.**

Date: 07/25/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Danny L. Slaven
No. 117844
Indiana State Prison
One Park Row
Michigan City, IN 46360